HLD-002                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2828
_____

IN RE: FRANKLIN X. BAINES,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from
the United States District Court
for the Eastern District of Pennsylvania
(Related to E.D. Pa Civ. No. 2-12-cv-05672)
District Judge: Honorable Joseph F. Leeson, Jr.
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 25, 2018
Before: SMITH, <u>Chief</u> <u>Judge</u>, AMBRO, and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 8, 2019)
_____

OPINION[*]
_____

PER CURIAM

     Franklin Baines petitions for a writ of mandamus.  For the reasons that follow, we

will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Baines is a Pennsylvania state prisoner serving a life sentence with no chance for parole for a murder he committed at the age of 16. As such, he has a right to be resentenced in state court under Miller v. Alabama, 567 U.S. 460 (2012), and Montgomery v. Louisiana, 136 S. Ct. 718 (2016). His Miller claim is presently pending before the Philadelphia Court of Common Pleas in a timely petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541, et seq. Baines has also raised his Miller claim in a habeas corpus petition, 28 U.S.C. § 2254, which is pending in the United States District Court for the Eastern District of Pennsylvania.

In an order dated March 24, 2017, the Magistrate Judge stayed federal proceedings to allow Baines to exhaust his Miller claim in state court. Baines, who is proceeding pro se in federal court, filed numerous motions seeking to lift the stay and to be excused from the exhaustion requirement. In an order dated November 17, 2017 and filed on the civil docket on November 20, 2017, the Magistrate Judge denied the motions and declined to lift the stay. In the margin, the Magistrate Judge noted that state court proceedings are moving forward without undue delay. Baines filed a notice of appeal from the Magistrate Judge's order in this Court on December 4, 2017. We dismissed the appeal for lack of appellate jurisdiction, but directed the Clerk of the District Court to treat the notice of appeal filed on December 4, 2017 (Docket Entry No. 56) as an appeal to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(A).

Meanwhile, on November 20, 2017, Baines filed a petition for writ of mandamus in this Court, his second such petition in the last two years. On December 19, 2017, we denied the petition, see In re: Baines, 720 F. App'x 136, 139 (3d Cir. 2017), concluding that Baines

had not shown a clear and indisputable right to mandamus relief from the habeas exhaustion requirement. We noted that Baines had filed a notice of appeal from the Magistrate Judge's order refusing to lift the stay, and that the District Court had jurisdiction to review and reconsider the Magistrate Judge's order if Baines showed "that the ... order is clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A).

Baines then filed another original proceeding in this Court, titled "Application to File a Rule 60(b) Motion." Our Clerk treated the application as a mandamus petition, because, in the main, Baines argued that "there is no justifiable reason for further delay in [his] resentencing and <u>Montgomery</u> being announce[d] … 31 months ago … thereby rendering this Court's prior Order on Baines' "second" request for mandamus relief inapplicable …." Petition, at 20.

We will deny the petition. A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See <u>Kerr v. United States Dist. Court</u>, 426 U.S. 394, 402 (1976). To justify its use, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See <u>Haines v. Liggett Group Inc.</u>, 975 F.2d 81, 89 (3d Cir. 1992). The management of its docket is committed to the sound discretion of the District Court. <u>In re: Fine Paper Antitrust Litigation</u>, 685 F.2d 810, 817 (3d Cir. 1982). When a matter is discretionary, it cannot typically be said that a litigant's right is "clear and indisputable." <u>Allied Chem. Corp. v. Daifon, Inc.</u>, 449 U.S. 33, 35-36 (1980). Nevertheless, a writ of mandamus may be warranted where undue delay is tantamount to a failure to exercise jurisdiction. <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3d Cir. 1996).

3

On December 11, 2018, the District Judge ordered the District Attorney of Philadelphia to "file a response updating this Court as to the status of Baines's state proceedings, advising the Court whether state court remedies have been exhausted, and, if state court remedies have not been exhausted, showing cause why this Court should not excuse the exhaustion requirement based on delay." In the margin, the District Judge stated that a decision on Baines's motion to lift the stay would be made following receipt of the District Attorney's response. On December 31, 2018, the District Attorney submitted his response, contending that there is no basis to excuse the exhaustion requirement (because the delay in resentencing Baines under Miller is attributable to Baines's appeal of a separate and time-barred guilt phase PCRA claim). Because the District Attorney has responded, the District Judge will now address Baines's motion to lift the stay and his contention that the exhaustion requirement should be excused, and thus mandamus relief is not warranted.

For the foregoing reasons, we will deny the petition for writ of mandamus. Petitioner's motions for appointment of counsel are denied.